IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALMA PACLE,

                Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

                Defendant.

NO. C13-3379 TEH

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's third cause of action for disparate impact. After carefully reviewing the parties' written arguments, the Court finds oral argument unnecessary and now VACATES the September 23, 2013 hearing. Defendant's motion is GRANTED for the reasons set forth below.

**BACKGROUND**

Approximately two months after her June 9, 2011 termination by Defendant JPMorgan Chase Bank, N.A. ("Chase"), Plaintiff Alma Pacle filed an administrative charge of age discrimination with both the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"). In full, her administrative complaint alleges the following:

> I began working for predecessor employer Great Western Bank in 1996. I became a Branch Manager at Oakland E. 14th Street branch in May 1999 for successor employer WAMU. In about 2003, I became Branch Manager of E. 14th Street, San Leandro branch. In about July 2009, I became an employee of JP Morgan Chase when Chase took over WAMU and was Branch Manager of E. 14th Street, San Leandro until my termination on June 9, 2011. My total compensation from Chase in 2010 was approximately $95,000 (about $82,000 base plus incentives).

> In my 2009 written performance evaluation, my District Manager wrote, "Alma, you've had a tremendous year in 2009 ... were [sic] #1 in revenue through Nov for the district, met all campaign targets and achieved the highest PVCs in the district 5 months straight .... You are an absolute joy to work with and I appreciate and thank you for your contributions in 2009 and I look forward to a successful 2010 working together." In my 2010 written performance evaluation, District Manager Elena Caselle rated me as meets or exceeds expectations in every single category.
>
> In January 2011, I got a new District Manager, Scott Mac Cormac. I believe that Mr. Mac Cormac was looking for a way to replace me from the moment he became my District Manager because of my age. Mr. Mac Cormac is approximately 45 or 46 years of age.
>
> In January 2011, Mr. Mac Cormac fired Oakland, 20th Street Branch Manager Ms. Tai Filo (in her mid-50's) and replaced her with Ms. Jasmine (last name unknown), approximately 26 years old.
>
> On June 9, 2011, Mr. Mac Cormac fired me and replaced me with Idania (last name unknown), approximately 26 years old. Idania is clearly less qualified than I am to be Branch Manager because I have 12 years' experience as Branch Manager of a large branch and she only had approximately six months' experience as Branch Manager of a smaller branch.
>
> I believe that I have been discriminated against because of my age and wrongfully terminated because of my age.

Ex. A to Compl. at 3.

Pacle's complaint asserts three causes of action, all under state law: (1) disparate treatment based on age, in violation of California Government Code sections 12940 *et seq.*; (2) wrongful termination against public policy; and (3) disparate impact based on age, in violation of California Government Code sections 12900 *et seq.* Pacle's disparate impact claim is based on her allegation that Chase "followed a facially neutral policy of terminating as many former Great Western and WAMU Branch Managers as possible, resulting in a disparate impact on Branch Managers over the age of 40." Compl. ¶ 12. Chase now moves to dismiss that claim for failure to exhaust administrative remedies.

//

//

//

**DISCUSSION**

An employment discrimination plaintiff must exhaust administrative remedies, and this Court only has jurisdiction over conduct alleged in the administrative charge and conduct that is "like or reasonably related to" the administrative allegations. *Rodriguez v. Airborne Express*, 265 F.3d 890, 896-97 (9th Cir. 2001) (internal quotation marks and citation omitted). "This standard is met where the allegations in the civil suit are within the scope of the administrative investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 897 (internal quotation marks and citation omitted). In evaluating whether the standard has been satisfied, administrative charges must be liberally construed. *Id.*

The parties dispute whether investigation into Pacle's disparate impact claim – that a neutral policy of terminating former branch managers of Great Western and WAMU had a disproportionate impact on older employees – would be "reasonably expected to grow" out of Pacle's administrative complaint. For the reasons discussed below, the Court agrees with Chase that it would not.

Disparate treatment and disparate impact claims raise distinct theories of discrimination:

> Disparate treatment is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex, or other protected characteristic. Liability in a disparate-treatment case depends on whether the protected trait actually motivated the employer's decision. By contrast, disparate-impact claims involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Under a disparate-impact theory of discrimination, a facially neutral employment practice may be deemed illegally discriminatory without evidence of the employer's subjective intent to discriminate that is required in a 'disparate-treatment' case.

*Raytheon Co. v. Hernandez*, 540 U.S. 44, 52-53 (2003) (internal quotation marks, citations, and alterations omitted). Pacle relies solely on *Gomes v. Avco*, 964 F.2d 1330 (2d Cir. 1992), to support the proposition that "an investigation of plaintiff's disparate impact claim would

3

reasonably have flowed from an investigation of the disparate treatment claim." Opp'n at 3. However, *Gomes* is distinguishable because the administrative charge in that case alleged that Gomes, the only Portuguese employee in his job category, was denied a promotion under a facially neutral rule requiring at least eight years of practical experience or completion of an apprenticeship course. *Gomes*, 964 F.2d at 1331, 1334. Here, by contrast, Pacle's administrative charge, quoted in full above, discusses only her belief that she was discriminated against based on her age – i.e., was subjected to disparate treatment. For example, she asserts "that Mr. Mac Cormac was looking for a way to replace me from the moment he became my District Manager because of my age," and "that I have been discriminated against because of my age and wrongfully terminated because of my age." Ex. A to Compl. at 3. While the charge references Pacle's previous employment by Great Western and WAMU, nothing in the charge suggests a policy of terminating such individuals or any other facially neutral employment practice. Consequently, as other courts have found in similar circumstances, it would not be reasonably expected for an investigation into the alleged policy to grow out of the administrative charge in this case, and Pacle's disparate impact claim must be dismissed for failure to exhaust. *E.g., Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006) ("In this case, we hold that a disparate-impact investigation could not reasonably have been expected to grow out of Pacheco's administrative charge because of the following matters taken together: (1) it facially alleged disparate treatment; (2) it identified no neutral employment policy; and (3) it complained of past incidents of disparate treatment only."); *De Los Santos v. Panda Express, Inc.*, No. C10-1370 SBA, 2010 WL 4971761, at *4-5 (N.D. Cal. Dec. 3, 2010) (finding that a "passing reference" to a neutral policy "neither states nor implies that [the policy] had any disparate impact on [plaintiff] or any other employee," and that plaintiff's administrative charge alleging disparate treatment therefore failed to exhaust her disparate impact claim).

With few exceptions, an administrative claim must be filed before the DFEH within one year of the alleged unlawful practice. Cal. Gov't Code § 12960(d). Pacle does not contend that any of the exceptions apply here, and she alleges that she was terminated on

4

1 June 9, 2011. Thus, the time for filing a claim with DFEH long ago expired, and it is too late
2 for Pacle to exhaust her disparate impact claim. Dismissal is therefore with prejudice.
3      Accordingly, with good cause appearing, Chase's motion to dismiss Pacle's third
4 cause of action based on disparate impact is GRANTED without leave to amend.

**IT IS SO ORDERED.**

Dated: 09/19/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT