1 | FRANK P. SARRO (State Bar No. 129780)
fpsarro@hotmail.com
2 | 2121 North California Boulevard, Suite 290
Walnut Creek, California 94596
3 | Telephone: +1-415-816-5141

4 | Attorney for Plaintiff
Alma Pacle
5
PATRICIA K. GILLETTE (STATE BAR NO. 74461)
6 | pgillette@orrick.com
LENA P. RYAN (STATE BAR NO. 258782)
7 | lenaryan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
8 | The Orrick Building
405 Howard Street
9 | San Francisco, CA 94105-2669
Telephone: 415-773-5700
10 | Facsimile: 415-773-5759

11 | Attorneys for Defendant
JPMorgan Chase Bank, N.A.
12

13
14                        UNITED STATES DISTRICT COURT
15                       NORTHERN DISTRICT OF CALIFORNIA
16                            SAN FRANCISCO DIVISION

17

18 | ALMA PACLE,                              Case No. CV 13-03379 TEH

19 |                Plaintiff,                **STIPULATED PROTECTIVE ORDER CONCERNING THE EXCHANGE OF CONFIDENTIAL INFORMATION**
20 |        v.

21 | JP MORGAN CHASE BANK, NA (SW), and       Judge:    Hon. Thelton E. Henderson
    | DOES 1 through 200, inclusive,

22 |                Defendants.               IT IS SO ORDERED AS MODIFIED

23
24
25
26
27
28

The parties, Plaintiff Alma Pacle and Defendant JPMorgan Chase Bank, N.A., through their attorneys of record, hereby stipulate and request that the Court order as follows:

1. Any party involved in this litigation, or counsel for such party, may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed, or to be disclosed, through formal or informal discovery or otherwise in the course of this litigation in the manner hereinafter set forth. Counsel are permitted to designate as "CONFIDENTIAL" only those documents as to which counsel entertains a good faith belief that such document is entitled to confidentiality. Such designation shall, without more, subject the information produced or provided under said designation to the provisions of this Protective Order. The parties will also treat documents pursuant to and in accordance with the terms of this Protective Order pending its entry by the Court.

2. Any writing, document, or other information produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by stamping the word "CONFIDENTIAL" on the face of the writing, document or other information.

3. Any party, or counsel for such party, may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition or within 45 days of receipt of the deposition transcript. Portions of any deposition designated "CONFIDENTIAL" are to be marked as such by the reporter and are also to bear substantially the following designation: "Portions of this deposition were taken subject to the Protective Order of the Court. These portions shall remain confidential and shall be treated according to the requirements of the Court's Order." Whenever any writing designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given in this litigation, it shall be so marked and it shall be subject to all of the requirements of the Court's order. Except as expressly provided in this paragraph, this Stipulation and Order shall not supersede, alter, affect or modify in any way whatsoever the provisions of Federal Rule of Civil Procedure 30.

4. Any party to this litigation, or counsel for such party, may designate as "CONFIDENTIAL" its responses to interrogatories or to requests for admission by labeling each

response "CONFIDENTIAL."

5. "CONFIDENTIAL" material includes all material designated "CONFIDENTIAL" pursuant to the terms of this Order, as well as summaries and compilations derived from such materials, including but not limited to charts, tables, graphs and models.

6. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any material that has been designated as "CONFIDENTIAL." A party that seeks to file under seal any such material must comply with Civil Local Rule 79-5. "CONFIDENTIAL" material may only be filed under seal pursuant to a court order authorizing the sealing of the specific material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a receiving party's request to file "CONFIDENTIAL" material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the receiving party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

7. Except upon prior written consent of the party or counsel for the party asserting "CONFIDENTIAL" treatment, or upon further order of this court, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strictest confidence, shall be kept securely, and shall be used solely for the purpose of prosecution or defense of this litigation and not for any business purpose whatsoever.

8. Access to "CONFIDENTIAL" documents, testimony, information or materials, as well as written or oral summaries or accounts thereof, shall be limited to:

 (a) Counsel for the respective parties (including in-house counsel and co-counsel) and employees of said counsel who are assisting in the prosecution or defense of this litigation;

 (b) Experts and consultants (including independent experts and consultants and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of

1            analyzing data, conducting studies or providing opinions to assist in such

2            litigation;

3      (c)     Officers, Directors or employees of the respective parties;

4      (d)     Parties to the litigation; and

5      (e)     The Court and officers of the Court.

6      9.     No party (including all individuals mentioned in ¶ 8(a)) shall, for itself or any

7 person or person acting on its behalf, make more copies of any "CONFIDENTIAL" information

8 or material than are reasonably necessary to conduct this litigation.

9      10.     Each person other than counsel and their staff or parties to whom a party discloses

10 material marked "CONFIDENTIAL" by the opposing party shall be shown a copy of this

11 Stipulation and Protective Order prior to such disclosure and shall acknowledge in writing his or

12 her consent to be bound by its terms. The party disclosing any "CONFIDENTIAL" material

13 pursuant to this paragraph shall be required to maintain such written acknowledgments, but shall

14 not be required to disclose the identities of persons having reviewed the "CONFIDENTIAL"

15 material.

16      11.     If any party, or such party's counsel, objects to the designation of any document,

17 testimony, information or material as "CONFIDENTIAL" the parties shall meet and confer in an

18 effort to resolve any such dispute. If the parties are unable to resolve such dispute, the party

19 seeking to declare information "CONFIDENTIAL" may bring a motion to have the contested

20 material declared "CONFIDENTIAL." Unless and until an order is entered to the contrary, the

21 documents, testimony, information or material shall be given the "CONFIDENTIAL" treatment

22 provided for in this Protective Order.

23      12.     If any party, or such party's counsel, redacts any document, testimony, information

24 or material that he or she has designated as "CONFIDENTIAL," he or she shall provide a

25 privilege log stating the reason for redaction within 10 days of his or her production of the

26 document, testimony, information or material.

27      13.     Nothing in this Stipulation and Protective Order shall be construed as prohibiting a

28 party, or its counsel, from using or disclosing material it has designated as "CONFIDENTIAL."

14. Upon termination of this litigation, upon request of producing party, all originals and copies of "CONFIDENTIAL" documents, testimony, information or material (and all summaries thereof) shall be returned to counsel for the producing party or destroyed (if the documents are not originals and are subject to privilege rights of the party to whom the confidential information was produced) unless otherwise ordered by the court for good cause shown.

15. All persons who are granted access to "CONFIDENTIAL" documents, including any party to this action, their attorneys, or others who acknowledge their consent to be bound by this protective order but fail to comply with its provisions may be held in contempt for violation of this Court's order.

Dated: October 2, 2013

FRANK P. SARRO

*/s/ Frank P. Sarro*
FRANK P. SARRO
Attorney for Plaintiff
Alma Pacle

Dated: October 2, 2013

PATRICIA K. GILLETTE
LENA P. RYAN
Orrick, Herrington & Sutcliffe LLP

By: */s/ Lena P. Ryan*
LENA P. RYAN
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

IT IS SO ORDERED.

Dated: 10/3/2013

IT IS SO ORDERED AS MODIFIED

Judge Thelton E. Henderson

- 4 -

STIPULATED PROTECTIVE ORDER RE EXCHANGE OF CONFIDENTIAL INFO (CV 13-03379 TEH)