1  FRANK P. SARRO (State Bar No. 129780)
   fpsarro@hotmail.com
2  2121 North California Boulevard, Suite 290
   Walnut Creek, California 94596
3  Telephone:    +1-415-816-5141

4  Attorney for Plaintiff
   Alma Pacle
5
   PATRICIA K. GILLETTE (STATE BAR NO. 74461)
6  pgillette@orrick.com
   LENA P. RYAN (STATE BAR NO. 258782)
7  lenaryan@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  The Orrick Building
   405 Howard Street
9  San Francisco, CA 94105-2669
   Telephone:    415-773-5700
10 Facsimile:    415-773-5759

11 Attorneys for Defendant
   JPMorgan Chase Bank, N.A.
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALMA PACLE,<br><br>        Plaintiff,<br><br>   v.<br><br>JP MORGAN CHASE BANK, NA (SW), and DOES 1 through 200, inclusive,<br><br>        Defendants. | Case No.  CV 13-03379 TEH<br><br>**STIPULATED PROTECTIVE ORDER CONCERNING THE EXCHANGE OF CONFIDENTIAL INFORMATION**<br><br>Judge:    Hon. Thelton E. Henderson<br><br>IT IS SO ORDERED AS MODIFIED |

1    The parties, Plaintiff Alma Pacle and Defendant JPMorgan Chase Bank, N.A., through
2 their attorneys of record, hereby stipulate and request that the Court order as follows:
3    1.    Any party involved in this litigation, or counsel for such party, may designate as
4 "CONFIDENTIAL" any document, testimony, information or material disclosed, or to be
5 disclosed, through formal or informal discovery or otherwise in the course of this litigation in the
6 manner hereinafter set forth.  Counsel are permitted to designate as "CONFIDENTIAL" only
7 those documents as to which counsel entertains a good faith belief that such document is entitled
8 to confidentiality.  Such designation shall, without more, subject the information produced or
9 provided under said designation to the provisions of this Protective Order.  The parties will also
10 treat documents pursuant to and in accordance with the terms of this Protective Order pending its
11 entry by the Court.
12    2.    Any writing, document, or other information produced by any party or person in
13 this litigation may be designated as "CONFIDENTIAL" by stamping the word
14 "CONFIDENTIAL" on the face of the writing, document or other information.
15    3.    Any party, or counsel for such party, may designate deposition testimony or any
16 portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of
17 such designation during the course of the deposition or within 45 days of receipt of the deposition
18 transcript.  Portions of any deposition designated "CONFIDENTIAL" are to be marked as such
19 by the reporter and are also to bear substantially the following designation:  "Portions of this
20 deposition were taken subject to the Protective Order of the Court.  These portions shall remain
21 confidential and shall be treated according to the requirements of the Court's Order."  Whenever
22 any writing designated as "CONFIDENTIAL" is identified as an exhibit in connection with
23 testimony given in this litigation, it shall be so marked and it shall be subject to all of the
24 requirements of the Court's order.  Except as expressly provided in this paragraph, this
25 Stipulation and Order shall not supersede, alter, affect or modify in any way whatsoever the
26 provisions of Federal Rule of Civil Procedure 30.
27    4.    Any party to this litigation, or counsel for such party, may designate as
28 "CONFIDENTIAL" its responses to interrogatories or to requests for admission by labeling each

1 | response "CONFIDENTIAL."

2 |     5.    "CONFIDENTIAL" material includes all material designated "CONFIDENTIAL"
3 | pursuant to the terms of this Order, as well as summaries and compilations derived from such
4 | materials, including but not limited to charts, tables, graphs and models.

5 |     6.    Without written permission from the designating party or a court order secured
6 | after appropriate notice to all interested persons, a party may not file in the public record in this
7 | action any material that has been designated as "CONFIDENTIAL."  A party that seeks to file
8 | under seal any such material must comply with Civil Local Rule 79-5.  "CONFIDENTIAL"
9 | material may only be filed under seal pursuant to a court order authorizing the sealing of the
10 | specific material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon
11 | a request establishing that the material at issue is privileged, protectable as a trade secret, or
12 | otherwise entitled to protection under the law.  If a receiving party's request to file
13 | "CONFIDENTIAL" material under seal pursuant to Civil Local Rule 79-5(d) is denied by the
14 | court, then the receiving party may file the information in the public record pursuant to Civil
15 | Local Rule 79-5(e) unless otherwise instructed by the court.

16 |     7.    Except upon prior written consent of the party or counsel for the party asserting
17 | "CONFIDENTIAL" treatment, or upon further order of this court, documents, testimony,
18 | information or material designated as "CONFIDENTIAL" shall be held in strictest confidence,
19 | shall be kept securely, and shall be used solely for the purpose of prosecution or defense of this
20 | litigation and not for any business purpose whatsoever.

21 |     8.    Access to "CONFIDENTIAL" documents, testimony, information or materials, as
22 | well as written or oral summaries or accounts thereof, shall be limited to:

23 |     (a)    Counsel for the respective parties (including in-house counsel and co-
24 |         counsel) and employees of said counsel who are assisting in the
25 |         prosecution or defense of this litigation;

26 |     (b)    Experts and consultants (including independent experts and consultants and
27 |         employees or clerical assistants of said experts) who are employed,
28 |         retained or otherwise consulted by counsel or a party for the purpose of

      analyzing data, conducting studies or providing opinions to assist in such

      litigation;

  (c)  Officers, Directors or employees of the respective parties;

  (d)  Parties to the litigation; and

  (e)  The Court and officers of the Court.

9.  No party (including all individuals mentioned in ¶ 8(a)) shall, for itself or any person or person acting on its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

10.  Each person other than counsel and their staff or parties to whom a party discloses material marked "CONFIDENTIAL" by the opposing party shall be shown a copy of this Stipulation and Protective Order prior to such disclosure and shall acknowledge in writing his or her consent to be bound by its terms.  The party disclosing any "CONFIDENTIAL" material pursuant to this paragraph shall be required to maintain such written acknowledgments, but shall not be required to disclose the identities of persons having reviewed the "CONFIDENTIAL" material.

11.  If any party, or such party's counsel, objects to the designation of any document, testimony, information or material as "CONFIDENTIAL" the parties shall meet and confer in an effort to resolve any such dispute.  If the parties are unable to resolve such dispute, the party seeking to declare information "CONFIDENTIAL" may bring a motion to have the contested material declared "CONFIDENTIAL."  Unless and until an order is entered to the contrary, the documents, testimony, information or material shall be given the "CONFIDENTIAL" treatment provided for in this Protective Order.

12.  If any party, or such party's counsel, redacts any document, testimony, information or material that he or she has designated as "CONFIDENTIAL," he or she shall provide a privilege log stating the reason for redaction within 10 days of his or her production of the document, testimony, information or material.

13.  Nothing in this Stipulation and Protective Order shall be construed as prohibiting a party, or its counsel, from using or disclosing material it has designated as "CONFIDENTIAL."

- 3 -  STIPULATED PROTECTIVE ORDER RE EXCHANGE OF CONFIDENTIAL INFO (CV 13-03379 TEH)

1   14.   Upon termination of this litigation, upon request of producing party, all originals and copies of "CONFIDENTIAL" documents, testimony, information or material (and all summaries thereof) shall be returned to counsel for the producing party or destroyed (if the documents are not originals and are subject to privilege rights of the party to whom the confidential information was produced) unless otherwise ordered by the court for good cause shown.

15.   All persons who are granted access to "CONFIDENTIAL" documents, including any party to this action, their attorneys, or others who acknowledge their consent to be bound by this protective order but fail to comply with its provisions may be held in contempt for violation of this Court's order.

Dated:  October 2, 2013

FRANK P. SARRO

        */s/ Frank P. Sarro*
FRANK P. SARRO
Attorney for Plaintiff
Alma Pacle

Dated:  October 2, 2013

PATRICIA K. GILLETTE
LENA P. RYAN
Orrick, Herrington & Sutcliffe LLP

By:       */s/ Lena P. Ryan*
LENA P. RYAN
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

IT IS SO ORDERED.

Dated:  10/3/2013

**IT IS SO ORDERED AS MODIFIED**
Judge Thelton E. Henderson

- 4 -

STIPULATED PROTECTIVE ORDER RE EXCHANGE OF CONFIDENTIAL INFO (CV 13-03379 TEH)